# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCELLENA BLUE SHAMLEY,<br><br>      Plaintiff,<br><br>v.<br><br>JULIE AQUAVIA, JENNA MERTEN,<br>and MARY SCHULTZ,<br><br>      Defendants. | Case No. 25-CV-1078-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

In December 2025, Plaintiff Marcellena Blue Shamley ("Plaintiff"), proceeding pro se, filed an amended complaint against Julie Aquavia ("Aquavia"), Jenna Merten ("Merten"), and Mary Schultz ("Schultz") (together, "Defendants"), alleging, inter alia, emotional distress and violations of "state laws." ECF No. 9 at 4. Plaintiff also moved for leave to proceed in forma pauperis. ECF No. 3. That motion, and the screening of Plaintiff's amended complaint, are now before the Court. For the reasons discussed herein, the Court concludes that it does not have subject matter jurisdiction to hear Plaintiff's claims and that any further amendment would be futile. The Court will, accordingly, dismiss Plaintiff's amended complaint without prejudice and deny Plaintiff's motion for leave to proceed in forma pauperis as moot.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is

designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories." (Lay, J., concurring)).

cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Here, the Court need not evaluate Plaintiff's financial status as this case will be dismissed without prejudice for lack of subject matter jurisdiction. Accordingly, Plaintiff's motion for leave to proceed without prepayment of the filing fee will be denied as moot.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at

325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2 Plaintiff's Amended Complaint

Plaintiff was advised in the November 4th screening order of the various allegations she would need to make to proceed in this Court for various federal law claims. *See generally* ECF No. 8. Yet, in her amended complaint, Plaintiff has instead chosen to abandon her federal law claims and not make any of the pleading corrections. *See* ECF No. 9 at 2–4. Her failure to make those corrections, the Court warned at the time, might result in her case being dismissed without further notice. ECF No. 8 at 17. That day has come, as there remain fundamental defects as to Plaintiff's ability to proceed under either federal question jurisdiction or diversity jurisdiction.

The Court will first turn to the federal question defects. Plaintiff has not named her employer or specified the connection that the named Defendants have to her employer, ECF No. 9 at 2–4, which prevents her from proceeding under her various employment law claims, as explained in the Court's prior screening order. ECF No. 8 at 6–10. Plaintiff has not realleged a Fourth Amendment claim, let alone clarified against whom she raises it or the grounds for it. *See generally* ECF No. 9. Since those were the only federal claims she originally brought, and she has not otherwise renewed, redressed, or brought new federal claims, there is no way for her action to proceed in this Court under 28 U.S.C. § 1331.

Indeed, it appears that Plaintiff has abandoned her federal claims and instead pursued violations of various "state laws," including an intentional infliction of emotional distress claim, against Defendants, under diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 9 at 4. Plaintiff, however, fails to properly allege the citizenship of any of the Defendants. ECF No. 9 at 2 (alleging only that Defendants are "citizen[s] of the City of

Brookfield."). Even if corrected, those Defendants would remain, like Plaintiff, citizens of Wisconsin,[2] thereby ruining diversity jurisdiction and this Court's ability to hear her case. *Travelers Property Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012) (for a court to hear a case under § 1332, "a party must establish . . . that diversity of citizenship is complete" such that the none of the defendants and plaintiffs share the same citizenship). Moreover, Plaintiff fails to satisfy the amount in controversy requirement of more than $75,000 under § 1332 because she alleges that the dispute here only amounts to $6,000. Indeed, on the face of the pleadings, Plaintiff cannot recover the jurisdictional minimum. *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). For these reasons, any amendment would be futile, and the case will be dismissed without prejudice. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)).

4. **CONCLUSION**

Since amendment would be futile, the Court will not grant Plaintiff further leave to amend and will instead dismiss her case without prejudice for lack of subject matter jurisdiction. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be denied as moot.

---

[2] The Court takes judicial notice of the fact that Brookfield is a city that sits within the Eastern District of Wisconsin. *See United States v. Mendell*, 447 F.2d 639, 641 (7th Cir. 1971) ("Among the matters long recognized as proper subjects for judicial notice are a wide range of geographic facts, including location.").

Accordingly,

**IT IS ORDERED** that Plaintiff Marcellena Blue Shamley's motion to proceed without prepayment of the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge